RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE    8 / 14 / 14

UNITED STATES DISTRICT COURT                                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BENJAMIN WRIGHT                          DOCKET NO. 14-CV-2239; SEC. P

VERSUS                                   JUDGE DEE D. DRELL

DEBRA SINCLAIR, ET AL.                   MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 by pro se plaintiff Benjamin Wright. Wright was grated leave to proceed *in forma pauperis* on July 18, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff seeks one hundred billion dollars in damages for being deprived of trial transcripts, which he claims he needed for appeals and post-conviction relief, and for his wrongful conviction. He also asks that his criminal convictions be overturned and remanded to the 25th Judicial District Court for retrial.

Wright names as defendants Louisiana District Judges Ford Stinson, Jr., Henry Brown, Harmon Drew, Jr., Louisiana Appeals Court Judges Felicia Tony Williams, James E. Stewart, and Jay Caraway, and Louisiana Supreme Court Justices John Weimer, Bernette Johnson, Jeffrey Victory, Jeannette Theriot Knoll, Greg Guidry, and Marcus Clark. He also names as defendants Court Reporters Debra Sinclair Carol Lyons, Jennifer Bolden, Nena Nelson.

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## *Factual Background*

Plaintiff alleges that he was denied copies of transcripts on August 29, 2006, March 1, 2007, November 12, 2007, December 17, 2008, and October 2010. He claims that he filed pro se motions in 2004, 2005, and 2006, which were never included in the state record. Plaintiff alleges that, if he had been provided complete transcripts and an accurate record, then he "would not be in jail today." In addition to $100 billion in damages, he asks that his convictions be overturned and his cases remanded to the state district court.

1.   Access to Courts

To the extent that Plaintiff complains that he was denied access to the courts, his claim is prescribed. Congress has not established a federal statute of limitations for actions under §1983. In such cases, courts apply the general personal injury limitations period of the forum state. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Louisiana, that period is one year. The limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. See Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008).

Plaintiff alleges that he was denied copies of his transcripts

from 2004 through 2010.   Plaintiff did not file this suit until July 1, 2014, well past the one year prescriptive period.   His claims are prescribed.

2.   Heck v. Humphrey

Plaintiff is also seeking monetary damages for a wrongful prosecution and conviction resulting from the defendants' unlawful actions.   The United States Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment,   or   for   other   harm   caused   by   actions   whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.   A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

When   a   claim   comes   within   the   parameters   of   the   Heck teachings, it is not cognizable under 42 U.S.C. §1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.   See Johnson v. McElveen, 101 F.3d 423,  424  (5th Cir.  1996).   Plaintiff is seeking monetary

damages for an allegedly unlawful conviction and incarceration; a judgment in his favor on this claim would imply that his conviction was invalid. His conviction has not been invalidated, so his complaint must be dismissed until such time as the Heck conditions can be met.

3.  Judicial Immunity

Plaintiff names numerous judges as defendants. However, judges are absolutely immune from suit. In Pierson v. Ray, 386 U.S. 547, 553-554 (1967), the Supreme Court described the very broad situation in which absolute judicial immunity is appropriate:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335 (20 L.Ed. 646) (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.

Thus, judicial officers are immune from suit for damages for acts performed in the discharge of their official duties. See Nixon v. Fitzgerald, 457 U.S. 731, 745 (1982); Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989), cert. denied, 492 U.S. 921 (1989). The reasons for the rule of judicial immunity apply regardless of the nature of the relief sought. In ruling on Plaintiff's petition for writ of mandamus, the appellate court judges were absolutely performing official judicial duties. Thus, they are immune from suit.

4.   Release from Custody

In addition to monetary damages, Wright asks that his convictions be invalidated and remanded to the state district court. Such relief is not available by way of civil rights action. "A habeas petition, ... is the proper vehicle to seek release from custody." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). A review of the district court records indicates that Plaintiff presently has a habeas petition pending in the Shreveport Division of this Court.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE